USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_10/02/2023__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE COMMISSION,

                              Plaintiff,

              -against-

NANO-X IMAGING LTD.
and RAN POLIAKINE,

                              Defendants.

Civil Action No.  23-CV-8611

ECF CASE

<u>**FINAL JUDGMENT AS TO DEFENDANT RAN POLIAKINE**</u>

The Securities and Exchange Commission having filed a Complaint and Defendant Ran

Poliakine ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and

conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act of

1933 ("Securities Act") [15 U.S.C. § 77q(a)(2)] in the offer or sale of any security by the use of

any means or instruments of transportation or communication in interstate commerce or by use

of the mails, directly or indirectly, to obtain money or property by means of any untrue statement

of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-1 thereunder [17 C.F.R. §§ 240.12b-20 and 240.13a-1], by knowingly or recklessly providing substantial assistance to an issuer that:

(a) fails to file with or furnish to the Commission any report required to be filed or furnished to the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and the rules and regulations promulgated thereunder; or

(b) files with or furnishes to the Commission a report required to be filed with or furnished to the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder that: (1) contains an untrue statement of material fact; (2) fails to include, in addition to the information required to be stated in such report, such further material information as may be necessary to make the required statements, in light of the circumstances under which they were are made, not misleading; or (3) fails to disclose any information required to be disclosed therein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $240,000, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $26,836.39. The Court finds that sending the disgorged funds to the United States Treasury, as ordered below, is consistent with equitable principles. The Court further imposes a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy these obligations by paying $416,836.39 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ran Poliakine as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.

Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §

523, the allegations in the complaint are true and admitted by Defendant, and further, any debt

for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under

this Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final

Judgment.

Dated:  __10/02/2023__

_____

UNITED STATES DISTRICT JUDGE